

**CASE NUMBER: 50-2020-CA-003527-XXXX-MB**
**CASE STYLE: FRERE, DANIELLA V LEXINGTON INSURANCE COMPANY**

Dockets & Documents ▾

Public = 🖳                    VOR = 🔒                    In Process = ◉

Page Size: 100 ▼

| | Docket Number | Effective Date | Description |
|---|---|---|---|
| 🖳 | 1 | 03/25/2020 | CIVIL COVER SHEET |
| 🖳 | 2 | 03/25/2020 | SUMMONS ISSUED |
| 🖳 | 3 | 03/25/2020 | COMPLAINT |
| 🖳 | 4 | 03/25/2020 | NOTICE OF TAKING DEPOSITION |
| 🖳 | 5 | 03/25/2020 | NOTICE OF TAKING DEPOSITION |
| 🖳 | 6 | 03/25/2020 | NOTICE OF FILING INTERROGS |
| 🖳 | 7 | 03/25/2020 | REQUEST TO PRODUCE |
| | 8 | 03/25/2020 | DIVISION ASSIGNMENT |
| 🖳 | 9 | 03/25/2020 | PAID $411.00 ON RECEIPT 3595855 |

**Composite Exhibit "B"**

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Daniella Frere, Alexander Frere</u>
 Plaintiff

             vs.

<u>Lexington Insurance Company</u>
Defendant

**II.     AMOUNT OF CLAIM**
 Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>94,403</u>

**III.    TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☒ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

NOT A CERTIFIED COPY

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.     **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

V.      **NUMBER OF CAUSES OF ACTION:**
        (Specify)

        1

VI.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VII.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   s/ Monica Elizabeth Daniels
             Attorney or party
FL Bar No.:  112031
             (Bar number, if attorney)
             Monica Elizabeth Daniels
             (Type or print name)
    Date:   03/25/2020

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DANIELLA FRERE and ALEXANDER FRERE,

        Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,

        Defendant.

_____/

## SUMMONS

TO THE SHERIFF OF SAID STATE:

    **YOU ARE HEREBY COMMANDED** to serve this Summons, and a copy of this Petition, in this action on:

**LEXINGTON INSURANCE COMPANY**
**R/A FLORIDA CHIEF FINANCIAL OFFICER**
**200 EAST GAINES STREET**
**TALLAHASSEE, FLORIDA 32399**

    Defendant is required to serve its response to the Petition on Plaintiff's attorney via e-mail to:

| | |
|---|---|
| Primary e-mail: | Service@TheDaniels-LawGroup.com |
| Secondary e-mail: | MDaniels@TheDaniels-LawGroup.com |
| Secondary e-mail: | AWarner@TheDaniels-LawGroup.com |
| Secondary e-mail: | CDavis@TheDaniels-LawGroup.com |
| Secondary e-mail: | JRaimondi@TheDaniels-LawGroup.com |

Monica Daniels, Esq.
Fla. Bar No. 112031
Garrick Ferguson, Esq.
Fla. Bar No. 1010455
Aaron S. Warner, Esq.
Fla. Bar No. 111804
Curtis Davis, Esq.
Fla. Bar No. 97867
The Daniels Law Group, PLLC
120 N Federal Hwy, Suite 101
Lake Worth, FL 33460

**within 20 days after service** of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

DATED ON _____Mar 25 2020_____, 2020.

Clerk of the Court

By:_____*Blake Smith*_____

As Deputy Clerk          BLAKE SMITH

(COURT SEAL)

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Plaintiff's Attorney named above.

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DANIELLA FRERE and ALEXANDER FRERE,

       Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,

       Defendant.

_____/

## COMPLAINT FOR DAMAGES

    Plaintiffs, DANIELLA FRERE and ALEXANDER FRERE (hereinafter referred to as

"Plaintiffs"), sue Defendant, LEXINGTON INSURANCE COMPANY (hereinafter referred to as

"Defendant"), and allege as follows:

## GENERAL ALLEGATIONS, JURISDICTION, AND VENUE

1.     This is an action for damages in excess of thirty thousand dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2.     The subject Policy of insurance involved herein was issued by the Defendant to Plaintiffs in Palm Beach County, Florida, and covers real property located in Palm Beach County, Florida. Additionally, the cause of action arose in Palm Beach County, Florida. As such, venue is proper in Palm Beach County, Florida, pursuant to Fla. Stat. § 47.051.

3.     At all material times relevant to this Complaint, Plaintiffs have been and are the owners of real and personal property in the State of Florida located at 10986 Bal Harbor Dr., Boca Raton, FL 33498 (hereinafter the "Subject Property") and are otherwise *sui juris*.

4.     Defendant has been and is now a for-profit Corporation and is authorized to insure all properties located in the State of Florida including properties located in Palm Beach County, Florida, and is otherwise *sui juris*.

5.     In consideration for the premiums paid to it, Defendant issued Plaintiffs a valid, binding, and enforceable policy of insurance bearing Policy Number 33262037 (hereinafter the "Subject Policy") that insured the Subject Property between the effective dates of coverage listed on the declarations page of the Subject Policy. A formal copy of the Policy is not

1

currently in the possession of Plaintiffs, but is well known to Defendant, and has been requested by Plaintiffs through a Request to Produce (which has been served upon Defendant contemporaneously with this Complaint). See Amiker v. Mid-Century Ins. Co., 398 So.2d 974 (Fla. 1st DCA, 1981); Equity Premium, Inc. v. Twin City Fire Ins. Co., 956 So.2d 1257 (Fla. 4th DCA, 2007); Parkway General Hospital, Inc. v. Allstate Ins. Co., 393 So.2d 1171 (Fla. 3d DCA, 1981); and Sasche v. Tampa Music Co., 262 So.2d 17 (Fla. 2d DCA, 1972).

6.     The Subject Policy is an "all risk" policy that covers all direct physical losses to the Subject Property that are not otherwise expressly excluded.

7.     The Subject Policy was in full force and effect on or about 9/10/17.

8.     On or about 9/10/17, a Hurricane, to wit, Hurricane Irma, caused direct physical loss and resultant ensuing damages to the Subject Property (hereinafter "the Loss").

9.     Direct and/or ensuing damages caused by a Hurricane, to wit, Hurricane Irma are covered under the Subject Policy.

10.    Direct and/or ensuing damages caused by a Hurricane, to wit, Hurricane Irma are not expressly excluded under the Subject Policy.

11.    Plaintiffs timely notified Defendant of the Loss.

12.    Defendant responded to the Loss by opening claim number 683-669533 (hereinafter the "Claim").

13.    The direct and ensuing damages caused by the Loss and encapsulated in the Claim as alleged herein arose as a direct and proximate result of a Hurricane, to wit, Hurricane Irma, which occurred on or about 9/10/17.

14.    Through its adjustment of the Claim, Defendant has been afforded the opportunity to fully inspect the Loss, investigate the cause of the Loss, and quantify the amount of the Loss.

15.    Defendant inspected the Subject Property and, in turn, the Loss in its investigation of the Claim.

16.    Ultimately, Defendant afforded coverage for the Claim subject to the terms and deductible provisions in the Subject Policy.

17.    Defendant, through its coverage of the Claim, admitted liability for the Loss.

18.    The amount paid in coverage by the Defendant is inadequate to perform the repairs necessary to place the Subject Property in its pre-Loss state.

19.  Defendant has refused and/or failed to pay the Plaintiffs the correct amount of benefits for the Claim under the coverages afforded in the Subject Policy.

20.  Plaintiffs have complied with all prerequisites, whether denominated conditions precedent, duties after loss, or otherwise, to receive benefits or proceeds under the Subject Policy, or maintain the instant suit for the breach of declaration of the Subject Policy. Alternatively, Defendant has waived or never had standing to assert any prerequisites, whether denominated as conditions precedent, duties after loss, or otherwise.

21.  Notwithstanding the foregoing, Defendant has failed to timely and promptly pay the full amount due and owing under the Policy for the covered Loss sustained.

## COUNT I – BREACH OF CONTRACT

Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 21 as if fully set forth herein and further state:

22.  Defendant has failed and/or refused to honor the contractual coverage in the Subject Policy by failing and/or refusing to compensate Plaintiffs and/or pay benefits owed under the Subject Policy for the Claim based on the Loss.

23.  Plaintiffs have suffered damages including, but not limited to, insurance benefits under the Policy and damages from Defendant's breach of the insurance Policy.

24.  Defendant's failure to timely and promptly pay all amounts due and owing under the Policy is a breach of the insurance contract.

25.  As a result of this dispute, it has become necessary that Plaintiffs retain the services of the undersigned attorneys. Plaintiffs are obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action plus costs. Plaintiffs are entitled to reimbursement of these fees and costs by the Defendant subject to Section 627.428, Florida Statutes.

26.  Should Plaintiffs prevail in this action, Plaintiffs shall be entitled to interest as prescribed by Florida law.

27.  Plaintiffs respectfully request that this Honorable Court enter an Award of general compensatory damages, interest, attorneys' fees and costs, and any and all other relief deemed just and proper.

WHEREFORE Plaintiffs respectfully request this Court enter an Award of all:

A.  General compensatory damages;

B.  Interest;

C.  Attorneys' fees associated with the instant litigation;

D.  Costs incurred as a result of the instant litigation; and

E.  Any such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

**WE DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Summons in this action.

Dated this 25th day of March, 2020.

Respectfully Submitted,

**THE DANIELS LAW GROUP, PLLC**
Counsel for Plaintiffs
120 N Federal Highway, Suite 101
Lake Worth, FL 33460
Main: 561.581.1007
Fax: 561.581.1008
Primary: MDaniels@TheDaniels-LawGroup.com
Secondary: AWarner@TheDaniels-LawGroup.com
Secondary: CDavis@TheDaniels-LawGroup.com
Tertiary: JRaimondi@TheDaniels-LawGroup.com
**For Service of Court Documents only:**
Service@TheDaniels-LawGroup.com
JMagee@TheDaniels-LawGroup.com

By:    /s/ Monica E. Daniels
         **MONICA E. DANIELS**
         **F.B.N. 112031**
         **AARON S. WARNER**
         **F.B.N 111804**
         **CURTIS DAVIS**
         **F.B.N. 97867**
         **GARRICK FERGUSON**
         **F.B.N. 1010455**

4

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DANIELLA FRERE and ALEXANDER FRERE,

        Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,

        Defendant.

_____/

### NOTICE OF TAKING LIVE DEPOSITION DUCES TECUM OF DEFENDANT'S CORPORATE REPRESENTATIVE PURSUANT TO FLORIDA'S RULES OF CIVIL PROCEDURE 1.310(b)(6)

        PLEASE TAKE NOTICE that the undersigned will take the deposition by oral examination, at the time, on the date, at the hour and at the place indicated of the following:

| Name | DATE & TIME | LOCATION |
|------|-------------|----------|
| Defendant's Designated Corporate Representative | *TO BE DETERMINED | *TO BE DETERMINED |

        Upon Oral Examination before a court reporter or any other Notary Public or officer authorize by law to take depositions in the State of Florida. The oral examination will continue from hour to hour and day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court.

        **YOU ARE REQUIRED TO HAVE WITH YOU ALL ORIGINAL DOCUMENTS THAT YOU HAVE WHICH ARE LISTED IN THE ATTACHED SCHEDULE "B"**

To the extent that Defendant claims any privilege or confidentiality applies to the documents requested, the deponent(s) is directed to bring such responsive documents to the deposition(s) so that they can fully answer all of Plaintiff's counsel's questions. However, a privilege log as contemplated under Florida Rule of Civil Procedure 1.280(b)(5) may be produced prior to and at the deposition(s) in lieu of the actual documents over which such claim(s) is asserted. Plaintiff(s) requests that Defendant make any such privileged documents available to Defendant's designee(s) during the deposition, so that Defendant's designee may fully answer all question. Such review will not be deemed a waiver of any claimed privilege.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of this document will be

served on the Defendant along with the summons in this action.

**THE DANIELS LAW GROUP, PLLC**
Counsel for Plaintiffs
120 N Federal Highway, Suite 101
Lake Worth, FL 33460
Main: 561.581.1007
Fax: 561.581.1008
Primary: MDaniels@TheDaniels-LawGroup.com
Secondary: AWarner@TheDaniels-LawGroup.com
Secondary: CDavis@TheDaniels-LawGroup.com
Tertiary: JRaimondi@TheDaniels-LawGroup.com
**For Service of Court Documents only:**
Service@TheDaniels-LawGroup.com
JMagee@TheDaniels-LawGroup.com

By: ___/s/ Monica E. Daniels_____
    **MONICA E. DANIELS**
    **F.B.N. 112031**
    **AARON S. WARNER**
    **F.B.N 111804**
    **CURTIS DAVIS**
    **F.B.N. 97867**
    **GARRICK FERGUSON**
    **F.B.N. 1010455**

cc: **VERITEXT LEGAL SOLUTIONS**

2

## SCHEDULE "A"

Pursuant to Florida Rules of Civil Procedure 1.310(b)(6), you are respectfully requested to designate Defendant's Corporate Representative(s) to testify on its behalf as to the issues listed below:

1. All reasons why the Defendant failed to pay and/or pay in full, Insured's claim.

2. Whether the terms of the policy at issue restrict payment in this case. The Deponent should be prepared to identify the specific passages of the policy that relate to the denial/reduction of the Insured's damage.

3. The identification of all persons who were involved in the Insurer's decision to reduce or deny payment in this matter.

4. The identification of all experts or consultants who rendered any opinions that were relied upon by the Insurer in reducing or denying payment for the matter at issue.

5. Each and every reason that you assert a basis for reducing or denying payment for the matter at issue.

6. The witness should be prepared to provide all facts which support the affirmative defenses asserted in this matter and the identification of all known witnesses with reference to such facts.

7. Identification of the policy, policy number and claim number for the subject matter.

8. The cause of loss that Defendant attributed to the Insured's claim, and all facts supporting Defendant's determination.

9. The existence and application of any deductible under the subject policy.

10. The method employed by the Defendant to determine the amount of the reimbursement for the matter at issue.

11. The scheduling of all Examinations Under Oath (EUO) scheduled by the Defendant in the subject claim, the manner in which such EUOs were scheduled, whether the EUO was attended, any correspondence or reasons relating to any failure to attend such EUOs, and any attempts by the Defendant to accommodate the Insured by rescheduling or otherwise.

12. If you claim fraud or misrepresentation, the witness should be prepared to testify how they relied upon it, and how it affected underwriting premium and coverage.

13. The relationship between the Insurer and any agent involved in the sale and issuance of the policy.

14. Identify how the Insured failed to comply with the insurance policy's conditions prior to commencing litigation.

15. Identification and description of all documents within the Defendant's possession, custody or control that have not been produced for any reason.

16. All written discovery responses served by the Defendant in this matter.

[SPACE INTENTIONALLY LEFT BLANK]

## SCHEDULE "B"

1.  Curriculum Vitae or current resume.

2.  All non-privilege documents and materials, whether electronic or otherwise, including the original notice of DANIELLA FRERE and ALEXANDER FRERE's claim, any correspondence, notes, letters, pleadings, photographs, audio recordings, video recordings, communications, or information, that you have reviewed, relied upon, referenced, or heard of that relate or pertain in any way to this lawsuit from any source, including such documents or materials that were used or relied upon by you in making your opinion for claim number 683-669533.

**To the extent Defendant contends that any of the requests listed above seek documents protected by privilege, Plaintiff(s) request that Defendant prepare and produce prior to the deposition a privilege log that complies with Fla. R. Civ. P. 1.280(b)(5). Plaintiff(s) also requests that the documents Defendant asserts are privileged be brought to the deposition and made available to the deponent for the sole purpose of refreshing the deponent's recollection, to allow competent testimony during the deposition.**

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DANIELLA FRERE and ALEXANDER FRERE,

        Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,

        Defendant.

_____/

## NOTICE OF TAKING DEPOSITION *DUCES TECUM*

Please take notice that the undersigned attorney will take the deposition of:

**NAME:**                **(field adjuster)**

**DATE AND TIME:**      **\*TO BE DETERMINED**

**PLACE:**              **\*TO BE DETERMINED**

Upon oral examination before Veritext Legal Solutions, or any other Notary Public or other officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or for such other purposes, as are permitted under the applicable and governing rules and you are to have with you at that time the following:

## DEFINITIONS AND INSTRUCTIONS

A.    "Person" and "persons" shall refer to individuals and entities, including but not limited to, joint owners, companies, partnerships, joint ventures, corporations, trusts and estates.

B.    "Document" and "documents" shall refer to any and all written, recorded, or graphic matter, however produced or reproduced, of every kind and description, whether produced internally or received from outside sources, including, without limiting the generality of the foregoing, and all originals, copies, and drafts, of all papers, books, letters, correspondence, memoranda, catalogs, warranties, minutes of meetings, facsimiles transfer lists, shareholder lists, opinion letters, letters of understanding, letters of intent, private placement memoranda, SEC Form 504

Offer Statements, offering statements or circulars, memoranda of telephone conversations, telegrams, photographs, prospectus, drawings, sketches, feasibility studies, interoffice communications, patents, licenses, testing reports, laboratory reports, agreements, ledgers, books of account, summaries, computer print-outs, proposals, suggestions, legal pleadings, bills of sale, indemnity agreements, security agreements, account records, vouchers, checks, invoices, drafts, receipts, bills, statistical records, notebooks, calendars, appointment books, diaries, agendas, time sheets, logs, transaction files, credit reports, notations, notes, minutes of meetings, sound records, photo records or tape recordings or other data compilations from which information can be obtained, any transcriptions thereof, bulletins, circulars, press releases, notices, instructions, advertisements, work assignments, film, videotapes, film negatives, research, articles, treatises, and including all attachments and enclosures thereto.

C.    Documents shall also include matters stored in an electronic medium, such matters being, among others, voice mail messages and files; backup voice mail files; e-mail messages and files; word processing documents; spreadsheets; presentation documents; graphics; animations; images; instant messages and/or instant message logs; backup e-mail files; deleted e-mail data files; program files; backup and archived tapes; temporary files; system history files; website log files; cache files; cookies and other electronically recorded information.

D.    Electronic documents shall also include matters described as accurate data; deleted data; backup data; metadata; migrated data; replicate data; residual data; and legacy data.

E.    Locations on which electronic data may be found include, but are not limited to:

    a.   Individual computers;

    b.   Laptops;

    c.   Data bases;

    d.   E-mails;

    e.   Servers;

    f.   Home computers;

    g.   Archives;

    h.   Networks;

    i.   Computer systems. Including legacy systems;

       j.   Backup tapes; and

       k.   Internet data.

F.     "All documents" and "each and every document," as used herein means all documents of the class requested and includes all documents in the immediate possession and control of the deponent and or all documents that can be obtained from other persons subject to the direction and control of the deponent, including, but not limited to, agents, employees, officers, directors, attorney, accountants, subcontractors and consultants.

G.    If any documents are withheld on a claim of privilege, kindly provide a written response setting forth the following information:

       a.   Identify the privilege claimed;

       b.   State the date the document was prepared;

       c.   State the author and recipient(s) of the document; and

       d.   State the general subject matter of the document.

H.    The parties serving this notice will require the production of original documents as stored in the ordinary course of business, or as segregated by category of response to which the documents are responsive. All documents produced in response to this notice shall by presumed to be authentic for all purposes, including, but not limited to, for use at trial and at any other proceedings in this matter. In either case, the parties serving this discovery request hereby demand an opportunity to inspect the file or container in which all documents responsive to this discovery are stored.

I.     The term "concerning" means relating to, referring to, describing, evidencing and/or constituting.

J.     The conjunction "and" as well as the conjunction "or" shall each be interpreted in every instance as meaning "and/or" and shall not be interpreted so as to exclude any information otherwise within the scope of any discovery request.

K.    As used herein the singular shall include, the plural, the plural shall include the singular, the masculine, feminine and neuter shall include each of the other genders.

L.     "Any" shall include the word "all" and the word "all" shall include the word "any."

M.   The deponents are requested to produce those documents that are in their possession, custody and control, as well as the possession, custody and control of his agents, representatives and employees.

N.   "You" and "your" refer to the party who is being served with this subpoena, and all agents, representatives and/or employees acting or that has acted on your behalf.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

**THE DANIELS LAW GROUP, PLLC**
Counsel for Plaintiffs
120 N Federal Highway, Suite 101
Lake Worth, FL 33460
Main: 561.581.1007
Fax: 561.581.1008
Primary: MDaniels@TheDaniels-LawGroup.com
Secondary: AWarner@TheDaniels-LawGroup.com
Secondary: CDavis@TheDaniels-LawGroup.com
Tertiary: JRaimondi@TheDaniels-LawGroup.com
**For Service of Court Documents only:**
Service@TheDaniels-LawGroup.com
JMagee@TheDaniels-LawGroup.com

By:  ___/s/ Monica E. Daniels_____
    **MONICA E. DANIELS**
    **F.B.N. 112031**
    **AARON S. WARNER**
    **F.B.N 111804**
    **CURTIS DAVIS**
    **F.B.N. 97867**
    **GARRICK FERGUSON**
    **F.B.N. 1010455**

CC: **Veritext Legal Solutions**

**EXHIBIT "A"**

1. All documents relating to, referring to or regarding the property located at 10986 Bal Harbor Dr., Boca Raton, FL 33498.

2. Your complete file(s). cover to cover, regarding the property located at 10986 Bal Harbor Dr., Boca Raton, FL 33498, including, without limitation, all communications between you and LEXINGTON INSURANCE COMPANY or anyone else regarding this property, and all photographs, videos, drawings, or other depiction or images taken of or depicting the subject property.

3. Copies or any engagement letters, contracts, agreements, assignments or emails requesting services to be performed by you relating to the property located at 10986 Bal Harbor Dr., Boca Raton, FL 33498.

4. Time records, billings and payment records for any services performed by you or your company at the request of LEXINGTON INSURANCE COMPANY or anyone else regarding the property located at 10986 Bal Harbor Dr., Boca Raton, FL 33498.

5. Any reports, estimates or material prepared or authored by you or your company regarding the property located at 10986 Bal Harbor Dr., Boca Raton, FL 33498.

6. All materials supplied to you by LEXINGTON INSURANCE COMPANY or anyone else regarding the property located at 10986 Bal Harbor Dr., Boca Raton, FL 33498.



**SHARON R. BOCK**

**RECEIPT**
3595855

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
03/25/2020 03:35
Page 1 of 1

| Receipt Number: 3595855 - Date 03/25/2020  Time 3:35PM | | |
|---|---|---|

| Received of: | Monica E Daniels<br>120 N Federal Hwy<br>Lake Worth, FL 33460 | | |
|---|---|---|---|
| Cashier Name: | ADMIN | Balance Owed: | 411.00 |
| Cashier Location: | E-Filing | Total Amount Paid: | 411.00 |
| Receipt ID: | 9900563 | Remaining Balance: | 0.00 |
| Division: | AE: Circuit Civil Central - AE(Civil) | | |

| Case# 50-2020-CA-003527-XXXX-MB -- PLAINTIFF/PETITIONER: FRERE, DANIELLA | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 27632308 | **411.00** |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DANIELLA FRERE and ALEXANDER FRERE,

        Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,

        Defendant.

_____/

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 1.350, Fla. R. Civ. P., Plaintiffs requests Defendant to produce and make available for inspection and duplication, in response to each numbered paragraphs, all documents specified herein which are in Defendant's possession, custody or control, or in the possession, custody or control of Defendant's agents, accountants or attorneys.   Defendant is requested to make such production within the time permitted by the applicable rules of civil procedure.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

1

**THE DANIELS LAW GROUP, PLLC**
Counsel for Plaintiffs
120 N Federal Highway, Suite 101
Lake Worth, FL 33460
Main: 561.581.1007
Fax: 561.581.1008
Primary: MDaniels@TheDaniels-LawGroup.com
Secondary: AWarner@TheDaniels-LawGroup.com
Secondary: CDavis@TheDaniels-LawGroup.com
Tertiary: JRaimondi@TheDaniels-LawGroup.com
**For Service of Court Documents only:**
Service@TheDaniels-LawGroup.com
JMagee@TheDaniels-LawGroup.com

By: ___/s/ Monica E. Daniels_____
      **MONICA E. DANIELS**
      **F.B.N. 112031**
      **AARON S. WARNER**
      **F.B.N 111804**
      **CURTIS DAVIS**
      **F.B.N. 97867**
      **GARRICK FERGUSON**
      **F.B.N. 1010455**

NOT A CERTIFIED COPY

2

## DEFINITIONS

1. "Defendant", "you", or "yours" refers to LEXINGTON INSURANCE COMPANY.

2. "Plaintiffs" refer to DANIELLA FRERE and ALEXANDER FRERE and encompass any person(s), employee(s), or other entity(ies) authorized to act on Plaintiff's behalf.

3. "Identify", as used herein with regard to a person, shall mean to provide the following: (1) the person's full name; (2) any other names to the person uses or has used in the past; (3) the person's residential address and telephone number(s); (4) the person's business address(es) and telephone number(s); (5) the person's employer and job title; (6) if the person is a former employee of Defendant, the person's last job title while so employed, the date of termination; and (7) if the person is not an employee of Defendant but has some other connection with Defendant, for example agent, independent contractor, officer, director, or customer, the persons' connection with Defendant.

4. "Identify", as used herein with regard to documents or tangible things, shall mean to describe such documents or tangible things by title, present location, usual location, custodian, and contents.

5. The word "document" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody, or control of Defendant or Defendant's attorneys, agents, employees, trustees, representatives, professional accounts, and any attorneys with whom you may Claim the right of joint defense privileges or special relationships, by whomever generated or received, including without limitation:   writings, printings, drawings, graphs, charts' notes, typewriting, photographs, slides, motions pictures, videotapes or cassettes, phonograph records, tape or other mechanical records, ledgers, books, statements of accounts, journals, notice, letters, catalogs, cancelled checks, bank statements, invoices, bills, diaries, purchase orders, memoranda of telephone communications, telegrams, telexes or "TWX's", telecopies, drafts or preliminary versions of the foregoing, communications to or from any governmental or recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, whether or not such copy of different form the original by reason of any markings, additions, commentaries, revisions, deletions or substitutions.

6. "Communication" shall include, but is not limited to, any oral communications, correspondence, memoranda, reports, records and/or recordings of telephone calls and reports of meetings.

7. "Person" means an individual, corporation, trust, partnerships, incorporated, or unincorporated association, or any other legal entity.

8. The term "correspondence" means any form of communication whether recorded

3

electronically, digitally, or otherwise including, but not limited to, email, mail, fax, letter, "tweet," "instant message," text message, note or memorandum and any other recorded form of communication.

9. "Possession, custody or control" when used in reference to documents or other tangible things includes, without limitation, documents or things in your personal possession, custody or control, documents or things in the possession, custody or control of your attorneys or any other agents of yours, and documents or things which you could obtain, or copies of which you could obtain by reasonable good faith effort. Possession, custody or control includes constructive possession such that the person need not have actual physical possession. As long as Defendant has a superior right to compel the production from a third party (including an agency, authority or representative), Defendant has possession, custody or control.

10. "Claim" means Claim No.: 683-669533 for which benefits are being sought.

## DOCUMENTS REQUESTED

1.     A certified copy of the policy identified in the Complaint and issued to Plaintiffs.

2.     A copy of all statements, in whatever form, taken from the Plaintiffs or their agents/representatives.

3.     A copy of all statements, in whatever form, taken from third parties relating to the subject loss.

4.     A copy of the complete Claim files pertaining to the subject loss, including home office, regional and field adjuster files, pertaining to the Plaintiffs' Claim, excluding privileged matters; please provide a Privilege Log for all matters as to which privilege is asserted.

5.     All estimates relating to the Claim prepared by the Defendant.

6.     All documents that evidence all premium payments made by Plaintiffs to Defendant (whether by cash, check, electronic transfer or otherwise) and premium refunds or credits issued by you to Plaintiff for the Policy, and all predecessor policies.

7.     All documents that evidence the bases of your failure or refusal to fully adjust, investigate and/or issue payment for the Claim presented against the Policy at issue in this lawsuit and arising from the incident described in the Complaint.

8.     All documents identified in your responses to Plaintiffs' interrogatories.

9.     A complete copy of all written policies, manuals and written communications setting forth your practices, procedures, and/or policies to which you referred, relied upon, and/or govern the handling of the Claim for damage to the Property at issued in

4

Plaintiffs' complaint, and your decision to not pay in full such Claim.

10.     Any checks or other documents evidencing any payment by you for the Claim at issue in the complaint.

11.     All written reports or documents reflecting when the Defendant discovered facts leading to a denial of Plaintiffs' Claim.

12.     Defendant's Claim file relative to Plaintiffs' Claim (you may omit from your response to this request privileged communications within the Claim file).

13.     All documents relating to communications between Defendant and any third party, relative to the subject Claim, the subject policy, and any other matter involving the Plaintiff (other than communication with its counsel).

14.     All Transcripts and recordings of Examination(s) Under Oath taken of the Insureds with Attachments.

15. All applications, re-applications, applications for renewal, and any other documentation submitted by Plaintiffs to Defendant in connection with Plaintiffs' attempt to obtain an insurance policy with Defendant for the Property.

16. All inspection reports, photographs, evaluations, analyses, property condition reports, correspondence, four-point inspection reports, wind mitigation reports, or any other documents that reflect the condition of the Property at or around the time that Defendant issued the subject insurance policy or any other insurance policy to Plaintiffs.

5

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DANIELLA FRERE and ALEXANDER FRERE,

      Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiffs propound the attached set of interrogatories upon Defendant, LEXINGTON INSURANCE COMPANY. These Interrogatories must be answered fully and separately in accordance with the applicable Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

**THE DANIELS LAW GROUP, PLLC**
Counsel for Plaintiffs
120 N Federal Highway, Suite 101
Lake Worth, FL 33460
Main: 561.581.1007
Fax: 561.581.1008
Primary: MDaniels@TheDaniels-LawGroup.com
Secondary: AWarner@TheDaniels-LawGroup.com
Secondary: CDavis@TheDaniels-LawGroup.com
Tertiary: JRaimondi@TheDaniels-LawGroup.com
**For Service of Court Documents only:**
Service@TheDaniels-LawGroup.com
JMagee@TheDaniels-LawGroup.com

By:   /s/ Monica E. Daniels
     **MONICA E. DANIELS**
     **F.B.N. 112031**
     **AARON S. WARNER**
     **F.B.N 111804**
     **CURTIS DAVIS**
     **F.B.N. 97867**
     **GARRICK FERGUSON**
     **F.B.N. 1010455**

1

NOT A CERTIFIED COPY

**DEFINITIONS**

A.  "Defendant", "you", or "yours" refers to LEXINGTON INSURANCE COMPANY.

B.  "Plaintiffs" refer to DANIELLA FRERE and ALEXANDER FRERE and encompass any person(s), employee(s), or other entity(ies) authorized to act on Plaintiff's behalf.

C.  "Identify", as used herein with regard to a person, shall mean to provide the following: (1) the person's full name; (2) any other names to the person uses or has used in the past; (3) the person's residential address and telephone number(s); (4) the person's business address(es) and telephone number(s); (5) the person's employer and job title; (6) if the person is a former employee of Defendant, the person's last job title while so employed, the date of termination; and (7) if the person is not an employee of Defendant but has some other connection with Defendant, for example agent, independent contractor, officer, director, or customer, the persons' connection with Defendant.

D.  "Identify", as used herein with regard to documents or tangible things, shall mean to describe such documents or tangible things by title, present location, usual location, custodian, and contents.

E.  The word "document" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody, or control of Defendant or Defendant's attorneys, agents, employees, trustees, representatives, professional accounts, and any attorneys with whom you may Claim the right of joint defense privileges or special relationships, by whomever generated or received, including without limitation:  writings, printings, drawings, graphs, charts' notes, typewriting, photographs, slides, motions pictures, videotapes or cassettes, phonograph records, tape or other mechanical records, ledgers, books, statements of accounts, journals, notice, letters, catalogs, cancelled checks, bank statements, invoices, bills, diaries, purchase orders, memoranda of telephone communications, telegrams, telexes or "TWX's", telecopies, drafts or preliminary versions of the foregoing, communications to or from any governmental or recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, whether or not such copy of different form the original by reason of any markings, additions, commentaries, revisions, deletions or substitutions.

F.  "Communication" shall include, but is not limited to, any oral communications, correspondence, memoranda, reports, records and/or recordings of telephone calls and reports of meetings.

G.  "Person" means an individual, corporation, trust, partnerships, incorporated, or unincorporated association, or any other legal entity.

H.  The term "correspondence" means any form of communication whether recorded electronically, digitally, or otherwise including, but not limited to, email, mail, fax, letter, "tweet," "instant message," text message, note or memorandum and any other recorded form of communication.

I. "Possession, custody or control" when used in reference to documents or other tangible things includes, without limitation, documents or things in your personal possession, custody or control, documents or things in the possession, custody or control of your attorneys or any other agents of yours, and documents or things which you could obtain, or copies of which you could obtain by reasonable good faith effort. Possession, custody or control includes constructive possession such that the person need not have actual physical possession. As long as Defendant has a superior right to compel the production from a third party (including an agency, authority or representative), Defendant has possession, custody or control.

J. "Claim" means Claim No.: 683-669533 for which benefits are being sought.



## **INTERROGATORIES**

      1.    Please state the name, address, position and job description and length of employment of each and every person answering or assisting in the answering of these interrogatories on behalf of LEXINGTON INSURANCE COMPANY.

      2.    State in detail the facts surrounding Defendant's evaluation of Plaintiffs' Claim giving:  the name of the person or persons hired or acting on LEXINGTON INSURANCE COMPANY who spoke to Plaintiff regarding their loss.

      3.    Please state the names, business addresses and relationship to Defendant of each and every person involved in evaluating the loss sustained by Plaintiffs.

    4.     Have you or your representatives obtained any of the following, and if so, identify its custodian from whom any of the following was obtained:  (a) Statements from any parties to this litigation; (b) Statements from any person who may have known about the subject of any issues of this litigation, investigative reports, exhibits, photographs of Plaintiffs' property and/or other physical and/or documentary evidence.

    5.     When did Defendant complete its assessment of the Claim of the Plaintiffs?

    6.     What is the factual basis for the Defendant failing to indemnify Plaintiffs?

       7.      Please identify the portions of the Claim which you are disputing and which are not being disputed and state the reasons for any disputes.

       8.      Please state the facts upon which you rely for each affirmative defense in your answer.

**VERIFICATION:**

Print Name: _____

Signature: _____

STATE OF _____)
                           ):ss
COUNTY OF _____)

      The foregoing instrument was acknowledged before me this _____ day of _____, 2020, by _____, who is personally known to me or who has produced (type of identification) _____ as identification and who did (did not) take an oath.

                                        _____
                                        NOTARY PUBLIC
                                        State of Florida, at Large

                                        _____
                                        Print Name

My Commission Expires: